IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WESLEY LANSING,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH SUBPOENA<br><br><br>Case No. 2:08-CR-558 TS |

Defendant is charged with one count of aggravated assault resulting in serious bodily injury while within Indian Country. Movant, the Utah Navajo Health System, is the alleged victim's employer. Movant seeks to quash the Subpoena Duces Tecum ordering it to produce to Defendant's counsel the following: "A complete copy of the personnel file of and any written records or otherwise, belonging to," the victim, in advance of any trial or hearing. Movant seeks to quash on several grounds, including that the information sought is not relevant to Defendant's guilt or innocence; the request for issuance of the subpoena was not supported by good cause; the subpoena is merely a fishing expedition; the request is unreasonable, overly burdensome, lacks requisite specificity, and overly broad. The Movant also claims that the personnel file contains information that is subject

1

to attorney work product privilege and in which it has an expectation of privacy. The gist of all of these objections is that the request to issue the subpoena did not comply with the requirements for issuance as set forth in *United States v. Nixon*.[1]

Defendant responds by attempting to make the required showing under *Nixon*, and arguing that the subpoenas should not be quashed where Movant has not shown that "compliance would be unreasonable or oppressive," grounds to quash that are set forth in Fed. R. Crim P. 17(c)(2).

In *United States v. Abdush-Shakur*,[2] the Tenth Circuit examined the *Nixon* factors in connection with the showing that must be made under Fed. R. Civ. P. 17(c) to support a request for production prior to the trial or hearing:

> Rule 17(c) provides that "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." A party seeking a subpoena duces tecum under Rule 17(c) must establish:
>
>> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[3]

---

[1] 418 U.S. 683 (1974).

[2] 465 F.3d 458 (10th Cir. 2006).

[3] *Id*. at 467 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) and *Nixon*, 418 U.S. at 699-700).

Defendant, as the party requesting production before the trial or a sentencing hearing, had the burden of showing good cause for production prior to the trial or hearing.[4] "In order to meet this burden, [Defendant] 'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'"[5]

Defendant argues that the court may quash the subpoenas only if there is a showing that "compliance would be unreasonable or oppressive."[6] The Court does not agree. There is nothing in the text of Rule 17(c)(2) that indicates it sets forth the exclusive grounds for quashing a subpoena. It provides: "on motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."[7] There are other possible grounds for quashing or modifying a subpoena that are not listed in rule 17(c)(2), such as assertion of a privilege. The *Nixon* factors would be useless if a challenge could not be made on the basis that the subpoena was issued without a proper showing having been made. The Court notes that Fed. R. Crim. P. 17(c) was recently amended to require (1) a court order before a subpoena requiring the production of personal or confidential information about a victim may be served on a third party; and (2) *prior* notification of the victim before the Court enters such an order, absent exceptional

---

[4]*United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997) (quoting 2 Wright, Federal Practice and Procedure: Criminal 2d § 274, at 155)).

[5]*United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).

[6]Fed. R. Crim P. 17(c)(2).

[7]*Id.*

circumstances.[8] Like the failure to comply with the *Nixon* factors, the failure to comply with the advance notice to the victim requirement would be grounds to quash the subpoena. However, Rule 17(c)(2) was not amended to include failure to comply with such requirement, reinforcing the understanding that the Rule 17(c)(2) grounds are not intended to be exclusive.

Further, to the extent that Rule 17(c)(2) can be considered to list the exclusive bases for quashing or modifying subpoenas, the Court finds that the failure to make the required showing under *Nixon*, or the failure to make the required showing regarding advance notice now required under Rule 17(c)(3), would make requiring compliance unreasonable within the meaning of Rule 17 (c)(2).

In the present case, Defendant has not made a showing on the required *Nixon* factors. Defendant made no showing on these issues before issuance. In response to the present Motion, Defendant contends that the information is required because he plans to plead guilty to the charge[9] and Movant intends to make a claim for restitution based on losses it allegedly sustained during the six weeks its employee was absent from work. Defendant agues it is not believable that an employee would miss work for six weeks due to the alleged injury—a broken nose—allegedly suffered as a result of the assault. Defendant further argues that it has information from witnesses that the victim may have

---

[8] Fed. R. Crim. P. 17(c)(3) (effective December 1, 2008). This Rule was not yet effective on the November 20, 2008 when Defendant obtained authorization to issue the subpoena.

[9] Defendant's guilty plea was entered on February 5, 2009.

been discharged for cause undermining a claim for lost time due to any injury,[10] and Defendant contends that it needs all information in the victim's personnel file to attack the victim's credibility.

It is well established that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production [under Rule 17(c)] in advance of trial."[11] In this case, Defendant has not shown that the information regarding the potential claim for restitution by the movant/employer is not otherwise procurable reasonably in advance of trial by exercise of due diligence. Defendant has, in fact, already obtained information regarding possible discharge for cause from witnesses.[12] Second, it is the government that will have the burden of proof on restitution by a preponderance of the evidence at any sentencing hearing.[13] To meet its burden, the government would have to show that the amount sought is limited to "only those actual losses that are directly related to and proximately caused by the criminal act of the defendant."[14] If Defendant were to object to an amount of restitution contained in the Presentence Report, the government would have to come

---

[10] Def.'s Mem. at 4, n.1.

[11] *Nixon*, 418 U.S. at 701.

[12] *See* Def.'s Mem. at 6 (asserting that Defense counsel has information that the personnel file contains information "which damages his credibility both as a witness and as a victim").

[13] 18 U.S.C. § 3664(e).

[14] *United States v. Sundstrom,* 2000 WL 1005267, 2 (unpublished order) (10th Cir. July 20, 2000) (citing *United States v. Diamond*, 969 F.2d 961, 967-68 (10th Cir. 1992) (holding that expenses generated in recovering a victim's losses were too tangential to the underlying criminal conduct to be recoverable)).

forward with actual evidence showing how any claim was directly related to and proximately caused by the criminal act of the Defendant. Defendant would then be able to cross examine the witness(es) on any evidence submitted in support of the claimed amount.

Defendant also does not show that the non-specific subpoena is not a fishing expedition. The subpoena is not targeted to information relating to the alleged victim's absence from work after the incident, a relatively brief period of time, but attempts to include the entire personnel file and any records relating to the victim. This is nothing more than a search for material with which to impeach, a purpose foreclosed by controlling authority as cited above.

Two of the Nixon factors not having been established, the Court need not address the other factors or the Movant's claim of privilege.

In conclusion, the Court finds that the grounds set forth in Rule 17(c)(2) are not exclusive and that *Nixon* factors have not been established and will, therefore, quash the subpoena. Counsel have resolved the issues involved in the respective Motions to Strike and, therefore, the Motions will be denied as moot. It is therefore

ORDERED that the Motions to Strike (Docket Nos. 36 and 38) are DENIED AS MOOT. It is further

ORDERED that the Utah Navajo Health System's Motion to Quash Subpoena (Docket No. 33) is GRANTED.

DATED   February 9, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge